# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-353-GW(AGRx) | Date | January 23, 2012 |
| Title | Gordon M. Greenfield v. Wells Fargo Bank, NA et al | | |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Pat Cuneo | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Gary Och  Robert A. Bailey

**PROCEEDINGS:**  **DEFENDANT WELLS FARGO BANK, N.A. TO DISMISS THIRD AMENDED COMPLAINT (filed 11/10/11);**

**SCHEDULING CONFERENCE**

Court hears oral argument. The tentative circulated and attached hereto, is adopted as the Court's final ruling. Defendants' motion is **DENIED**. The Court sets the following:

| | |
|---|---|
| Mediation cutoff | April 4, 2012 |
| Post-Mediation Status Conference | **April 5, 2012 at 8:30 a.m.** |
| Discovery cutoff | June 27, 2012 |
| Expert discovery cutoff | July 13, 2012 |
| Motion hearing cutoff | August 13, 2012 |
| Pretrial Conference | **September 6, 2012 at 8:30 a.m.** |
| Court Trial | **September 18, 2012 at 9:00 a.m.** |

Defendant Wells Fargo Bank, N.A.'s Ex Parte Application to Expunge and/or Strike Notice of Pendency of Action, filed on January 20, 2012, is set for hearing on **January 24, 2012 at 8:30 a.m.**

: 10

Initials of Preparer  JG

<u>Greenfield v. Wells Fargo Bank, N.A., et al.</u>, CV-11-0353
Tentative Ruling on Motion to Dismiss Third Amended Complaint

**I. Background**

Defendant Wells Fargo Bank, N.A. ("Wells") moves to dismiss the Third Amended Complaint ("TAC") filed by plaintiff Gordon M. Greenfield ("Plaintiff") on October 24, 2011. The TAC contains two claims for relief: 1) breach of contract – promissory estoppel, and 2) violations of the Unfair Practices Act. Much of the analysis the Court offered in connection with the motion to dismiss the Second Amended Complaint ("SAC") remains valid. *See* Docket No. 34.[1] To the extent Wells has waited until its Reply brief to raise certain arguments – concerning, for example, Plaintiff's failure to allege tender – the Court will not consider those arguments. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider argument s raised for the first time in a reply brief.").

**II. Analysis**

    A. Rule 12(b)(6) Standard

Under Rule 12(b)(6), a court is to (1) construe the complaint in the light most favorable to the plaintiff, and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001). Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007) (dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief).

However, the court need not accept as true "legal conclusions merely because

---

[1] With respect to the promissory estoppel claim, at least, the only reason the Court required amendment of the SAC was that Plaintiff's allegations respecting that claim had become confused following amendment of the prior allegations. The Court rejected Wells's arguments for dismissal of the SAC, but simply sought clarifying amendments. *See* Docket No. 34 at 4.

1

they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In other words, a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556). Thus, a plaintiff must also "plead 'enough facts to state a claim to relief that is plausible on its face.'" *Johnson*, 534 F.3d at 1122 (quoting *Twombly*, 550 U.S. at 570); *see also William O. Gilley Enters., Inc. v. Atlantic Richfield Co.*, 588 F.3d 659, 667 (9th Cir. 2009) (confirming that *Twombly* pleading requirements "apply in all civil cases"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

In its consideration of the motion, the court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir.), *cert. denied*, 512 U.S. 1219 (1994), *overruled on other grounds in Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (indicating that a court may consider a document "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion").

B. <u>Breach of Contract – Promissory Estoppel</u>

"Under…California…law, to establish an enforceable contract based on promissory estoppel, the promisee must show (1) the existence of a promise, (2) that the promisor reasonably should have expected to induce the promisee's reliance, (3) that the promise actually induces such reliance, (4) that such reliance is reasonable, and (5) that injustice can be avoided only by enforcement of the promise." *DeVoll v. Burdick Painting, Inc.*, 35 F.3d 408, 412 (9th Cir. 1994). "Under this doctrine a promisor is bound when he should reasonably expect a substantial change of position, either by act or forbearance, in reliance on his promise, if injustice can be avoided only by its

2

enforcement." *Youngman v. Nev. Irrigation Dist.*, 70 Cal.2d 240, 249 (1969). "The vital principle is that he who by his language or conduct leads another to do what he would not otherwise have done shall not subject such person to loss or injury by disappointing the expectations upon which he acted." *Wilson v. Bailey*, 8 Cal.2d 416, 423 (1937) (internal quotation marks omitted); *see also* 1 Witkin, Summary of Cal. Law: Contracts (10th ed.), § 244, at 275-76.

Wells argues that Plaintiff has not properly pled reasonable reliance. In doing so, it again seeks to contrast Plaintiff's case for reliance with that which allegedly occurred in *Garcia v. World Savings, FSB*, 183 Cal.App.4th 1031 (2010). In *Garcia*, the plaintiffs procured "a high cost, high interest loan by using other property they owned as security," while the court noted that "[i]n numerous cases, similar actions on the part of borrowers have been held to support promissory estoppel." *Id.* at 1041.[2]

Here, Plaintiff unquestionably pleads reliance on Wells's alleged promise, and there is nothing in the TAC which would allow the Court to conclude on the face of the pleadings that any reliance by Plaintiff in this situation was necessarily unreasonable. Plaintiff alleges that Wells's promise of a second modification caused him to skip payments under his first modification in order to get into "distress," which was a precondition for obtaining the second modification. *See* TAC ¶ 20, 23, 25.[3]

---

[2] Again, amongst those "numerous cases" *Garcia* cites, the citations to *Wade v. Markwell & Co.*, 118 Cal.App.2d 410, 419-20 (1953), and *Bank of Fairbanks v. Kaye*, 227 F.2d 566, 567-68 (9th Cir. 1955), should essentially put to rest the debate of whether Plaintiff has stated a claim for promissory estoppel. *Garcia* provides a parenthetical describing *Wade* as holding that "where plaintiff pledged [a] mink coat to [a] pawnshop as collateral for [a] loan and after [the] redemption period expired, [the] pawnshop employees told [the] plaintiff she could have an additional week to redeem [it] but sold it within that week, [the] promise was binding without consideration." *Garcia*, 183 Cal.App.4th at 1041. The parenthetical for *Bank of Fairbanks* described that decision as holding that "where defaulting borrowers procured [a] new purchaser and [the] bank vice president orally agreed to accept smaller monthly payments from [the] new purchaser, [the] bank could not foreclose as long as [the] agreed payments were being made." *Id.* at 1041-42; *see also* 1 Witkin, Summary of Cal. Law: Contracts (10th ed.), § 248, at 279. Wells would seemingly have a difficult time explaining why *Wade* and *Bank of Fairbanks* do not support Plaintiff's claim here, even if it does fall short of the level of reliance the *Garcia* plaintiffs evidenced (Garcia having been decided at the summary judgment stage). Although the Court specifically called the parties' attention to *Wade* and *Bank of Fairbanks* in the previous motion to dismiss proceedings, Wells waited until its Reply brief on this motion to address those two cases. Its late effort to distinguish them is unconvincing.

[3] That Plaintiff may have missed *three* payments instead of the two the second modification agreement required for his loan to be in "distress," *see* TAC ¶¶ 25, 27-28, might be a problem for Plaintiff's ultimate recovery in this case, but it does not demonstrate that he did not rely upon Wells's alleged promise.

3

Subsequently, as a result of his nonpayment,[4] Wells foreclosed on his home.

That those acts may not be as significant as the acts the plaintiffs in *Garcia* undertook is no reason to determine that Plaintiff simply cannot state a claim for promissory estoppel. *Garcia* certainly does not read as if it were setting or recognizing a floor for purposes of pleading detrimental reliance.[5] Moreover, *Garcia* is fundamentally distinguishable in light of the fact that it dealt with promises made *after* default, whereas this case dealt with promises in order to put Plaintiff *in* default so that he could qualify for a further modification. He alleges that he specifically did not make certain payments that he would have made and that this led to his default.

Wells also argues that Plaintiff could not have reasonably relied on an *oral* agreement to modify a loan. However, as Plaintiff points out, he alleges that he received "documentation from Wells to effectuate the Second Modification (commuting of the four payments and the acceleration of the completion initial [*sic*] 12 payments due under the first modification made in May of 2009)." TAC ¶ 24. Thus, Plaintiff was not relying on a mere oral modification offer (though, if the second modification is in writing, it is at least somewhat unclear why Plaintiff would not be suing for breach of written contract).

Wells also argues that there was no clear, unambiguous promise here upon which Plaintiff could rely. First, the Ninth Circuit's formulation of the promissory estoppel claim in *DeVoll* does not recognize a "clear and unambiguous" promise as an element. No California Supreme Court decision appears to have recited that requirement. Even if this Court should look beyond *DeVoll* to California Court of Appeals' decisions in that respect, it has already rejected the argument that the promise here was insufficiently clear

---

[4] To the extent Wells argues that Plaintiff did not undertake a "substantial" change in position because he took no "affirmative action" in reliance on the alleged modification promise, it is not so clear that Plaintiff's non-payment would not qualify as "affirmative action." Even if it would not, forbearance alone can qualify as a "substantial change of position." *Youngman v. Nev. Irrigation Dist.*, 70 Cal.2d 240, 249 (1969).

[5] While the *Garcia* court did comment that "[a]s a general rule, a gratuitous oral promise to postpone a foreclosure sale or to allow a borrower to delay monthly mortgage payments is unenforceable," it did so in the course of drawing a distinction as to why the plaintiffs could not sustain a breach of contract claim (due to the lack of an "exchange of true consideration") whereas they did present facts "establish[ing] detrimental reliance sufficient to support a claim based on promissory estoppel." *Garcia*, 183 Cal.App.4th at 1038-39. The court pointedly noted that "[t]he absence of consideration or benefit to the promisor does not, however, defeat a claim based on promissory estoppel." *Id.* at 1040. It also noted that neither California Civil Code section 1698 nor the statute of frauds would necessarily defeat a promissory estoppel claim. *See id.* at 1040 n.10.

4

and unambiguous. *See* Docket No. 15.

The Court would deny Wells's motion insofar as it relates to Plaintiff's first claim for relief.

### C. Unfair Practices Act

Wells similarly repeats a number of its arguments from earlier motions to dismiss in connection with Plaintiff's second claim as well. But for the lack of clarity in the previous version of the complaint due to unintended deletions of prior allegations, *see* Footnote 1, *supra*, the Court already determined that Plaintiff's allegations sufficed under Fed. R. Civ. P. 9(b) (and *Khoury v. Maly's, Inc.*, 14 Cal.App.4th 612 (1993), to the extent it governs the question). *See* Docket No. 34 at 5-6.

Although Wells also takes issue with Plaintiff's HAMP-related allegations, *see* TAC ¶¶ 53-55, Plaintiff has all but disclaimed those allegations as a basis for his second claim for relief. His allegations would be sufficient under the "fraudulent" prong of Business & Professions Code § 17200 even ignoring any HAMP-related material in the TAC. So long as he has a basis under at least one of the three disjunctive section 17200 adjectives, the Court would not dismiss the claim.

The Court would therefore also deny Wells's motion with respect to Plaintiff's second claim for relief.